**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br>v.<br>JAVIER PINAL-MALDONADO (2),<br>                         Defendant. | Case No. 17cr3431-MMA-2<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>[Doc. No. 162] |

On April 17, 2018, Defendant Javier Pinal-Maldonado pleaded guilty to Count 1 of an Indictment charging him with conspiring to distribute various controlled substances in violation of Title 21, United States Code, sections 841(a)(1) and 846. *See* Doc. No. 55. On October 9, 2018, the Court entered a judgment committing Defendant to the custody of the Federal Bureau of Prisons for a mandatory minimum term of 120 months. *See* Doc. No. 103. According to the Bureau of Prisons, Defendant's anticipated release date is March 9, 2026.[1] Defendant, proceeding *pro se*, now moves for a reduction in sentence, presumably pursuant to Title 18, section 3582(c)(2), based on Amendment 794 to the United States Sentencing Guidelines. *See* Doc. No. 162. For the reasons set forth below, the Court **DENIES** the motion.

---

[1] *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 7/7/2021).

## DISCUSSION

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered post-sentencing by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court lacks the authority to reduce a defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

Here, the first criterion above is not met. Amendment 794 to the United States Sentencing Guidelines ("USSG"), which became effective November 1, 2015, provides a list of factors that a court should consider in determining whether to decrease a defendant's offense level under USSG § 3B1.2. The amendment "provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies." U.S.S.G. app. C, amend. 794 (2015). The applicable sentencing range was not lowered by Amendment 794 and, regardless, the amendment became effective *prior* to Defendant's sentencing on October 9, 2018. Thus, at the time of sentencing, the Court relied upon the November 1, 2016 Guidelines Manual, incorporating all guideline amendments – including Amendment 794 – to determine Defendant's offense level. *See* USSG §1B1.11.

Likewise, the second criterion is not met. A sentence reduction is not authorized if the change to the Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." USSG Manual § 1B1.10(a)(2)(B) & cmt. n.1(A); *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009). Pursuant to Title 21, section 841(b), an individual who "knowingly or intentionally . . . distributes" 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine "shall be sentenced to a term of imprisonment of

not less than 10 years." 21 U.S.C. § 841(b)(1)(A)(viii). In this case, Defendant pleaded guilty to conspiring to distribute, *inter alia*, 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine. *See* Doc. No. 55. He failed to qualify for safety valve relief due to his criminal history and was subject to a statutory mandatory minimum 120-month sentence. As such, the Court lacks the authority to reduce Defendant's sentence, as it was based on a statutory mandatory minimum – not the Sentencing Guidelines. *Paulk*, 569 F.3d at 1094.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's motion to reduce his sentence.

**IT IS SO ORDERED**.

DATE: July 7, 2021

HON. MICHAEL M. ANELLO
United States District Judge