UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>JAVIER PINAL-MALDONADO (2),<br><br>                               Defendant. | Case No. 17cr3431-MMA-2<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**<br><br>[Doc. Nos. 165, 189] |
|---|---|

On April 17, 2018, Defendant Javier Pinal-Maldonado pleaded guilty to Count One of an Indictment charging him with conspiracy to distribute various controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* Doc. No. 55. On October 9, 2018, the Court sentenced Defendant to a mandatory minimum custodial term of 120 months, to be followed by five years of supervised release. *See* Doc. No. 103. Defendant is currently serving his custodial term USP Yazoo City in Yazoo City, Mississippi. According to the Bureau of Prisons, Defendant's anticipated release date is March 9, 2026.[1]

---

[1] *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited Oct. 18, 2023).

1

Defendant, proceeding through counsel, now moves the Court for early compassionate release and a corresponding reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. *See* Doc. No. 189. The government has filed a response to Defendant's motion indicating that it does not oppose the motion. Doc. No. 193. The Court finds the matter suitable for disposition on the current record and without a hearing. For the reasons set forth below, the Court **GRANTS** Defendant's motion.

## DISCUSSION

Defendant seeks early compassionate release based upon his significant rehabilitative efforts, the unusually harsh conditions of confinement as a result of COVID-19, his medical conditions, and his immigration status, and the sentencing disparity resulting from subsequent enactment of the First Step Act. *See* Doc. No. 89 at 10. As noted, the government does not oppose Defendant's motion and notes that its non-opposition is "based on the need to avoid unwarranted sentence disparities with other defendants in this case." Doc. No. 193 at 1.

By way of background, Defendant was charged along with three other defendants in a two-count Indictment. *See* Doc. No. 1. All four were sentenced to at least the mandatory minimum custodial term of 120 months. *See* Doc. Nos. 90 (sentencing co-defendant Rosas to 120 months in custody); 129 (sentencing co-defendant Cortez-Felix to 121 months in custody); 137 (sentencing co-defendant Bennen to 120 months in custody). Defendant's co-defendants Bennen and Rosas were granted compassionate release on October 8, 2020 and December 8, 2020, respectively, based upon the spread of COVID-19, their co-morbidities, and the sentencing disparity resulting from the First Step Act. *See* Doc. Nos. 147, 158.

**A.   Relevant Law**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Aruda*, 993 F.3d 797, 799–800 (9th Cir. 2021) (quoting *Dillon v. United States*, 560 U.S. 817, 819 (2010)).

> Under 18 U.S.C. § 3582(c)(1)(A), Congress provided an exception, sometimes known as compassionate release, to reduce a sentence for "extraordinary and compelling reasons." For over thirty years, under the original statute, only the BOP Director could file a § 3582(c)(1)(A) motion for a sentence reduction on a defendant's behalf. However, as part of the First Step Act of 2018, Congress amended § 3582(c)(1)(A) to also allow a defendant to seek a reduction directly from the court, provided that the defendant first seeks a reduction from the BOP and that request has either been denied or 30 days have passed.

*Aruda*, 993 F.at 799–800 (quoting 18 U.S.C. § 3582(c)(1)(A)).

Section 3582(c)(1)(A), as amended by the First Step Act ("FSA"), currently provides, in pertinent part, that the Court may grant a defendant's motion for reduction in sentence

> after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Congress provided no statutory definition of "extraordinary and compelling reasons." Moreover, "[t]here is as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), and as a result, district courts are 'empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Aruda*, 993 F.3d at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).[2]

---

[2] The United States Sentencing Commission has submitted Adopted Amendments to the Sentencing Guidelines to Congress, which, assuming no congressional action to the contrary, will become effective on November 1, 2023. *See* U.S. Sentencing Commission, Guidelines, Amendments, *available at* https://www.ussc.gov/guidelines/amendments.

Therefore, district courts must consider all circumstances proffered by a defendant that are neither frivolous nor congressionally barred from consideration. *See Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022); *see also United States v. Chen*, 48 F.4th 1092, 1095 (9th Cir. 2022).

**B.     Exhaustion**

This Court has jurisdiction over a sentencing reduction motion only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring [such] a motion on [their] behalf"; or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).

Defendant first presented his request for early release to the Bureau of Prisons on February 21, 2023. *See* Def. Ex. B. More than thirty (30) days elapsed without a response. On May 5, 2023, Defendant filed his motion *pro se*. Doc. No. 165. Moreover, on May 17, 2023, Federal Defenders submitted a request on Defendant's behalf to the Warden at USP Yazoo City. *See* Def. Ex. C. Again, more than thirty (30) days elapsed without a response, and Federal Defenders filed a motion on Defendant's behalf on September 12, 2023. Doc. No. 189. Accordingly, the Court finds that Defendant has exhausted his administrative remedies and therefore turns to the merits of his motion.

**C.     Analysis**

Defendant argues that several circumstances, when considered in totality, are "extraordinary and compelling reasons" to grant him early compassionate release and a corresponding reduction in sentence: "(1) the unusual length of his sentence owing to the disparity between his sentence and the sentence he would have received today due to the FSA and Lopez, especially because he is serving a more punitive sentence due to his immigration status; (2) his significant rehabilitation and family support; and (3) the unusually harsh conditions of confinement he has endured as a result of the COVID-19 global pandemic, alongside his recurring medical issues." Doc. No. 189 at 10.

*1.     Extraordinary and Compelling Circumstances*

Defendant first discusses the sentencing disparity created by the FSA's expansion of eligibility for safety valve relief pursuant to 18 U.S.C. § 3553(f).  Pursuant to the Sentencing Guidelines applicable at the time of Defendant's sentencing, Defendant's prior documented criminal conduct in 2011 resulted in two criminal history points.  *See* Doc. No. 76 at 10.  Thus, at the time, Defendant was not eligible for relief from the statutory mandatory minimum sentence.  Approximately three months later, section 402 of the First Step Act changed the safety valve to make relief available to people with no more than 4 total criminal history points, no prior 3-point sentences, and no prior 2-point "violent" offense.  *See* 18 U.S.C. § 3553(f)(1), as amended by § 402(b), Pub. L. No. 115-391, 132 Stat. 5194, 5221 (2018).  Roughly two years later, the Ninth Circuit in *United States v. Lopez*, determined that the FSA's safety valve amendments are to be read in the conjunctive.  998 F.3d at 443 (9th Cir. 2021).  Defendant argues, and the Court agrees, that he likely would have been eligible for safety valve relief if he had been sentenced after the passage of the FSA as interpreted by *Lopez*.  Application of the safety valve, in turn, would likely have resulted in a significantly reduced custodial term.

The Court is mindful that Congress did not make section 402 of the First Step Act retroactive.[3]  As such, Congress clearly did not intend to provide expanded relief under section 3582(c) to all defendants serving mandatory minimums with newly qualifying criminal history scores.  Nevertheless, the Court is not prohibited from considering the result of these nonretroactive changes on a case-by-case basis; the Supreme Court has stated that courts are permitted to consider nonretroactive changes in sentencing laws alongside other extraordinary and compelling reasons for granting compassionate release.  *Concepcion*, 142 S. Ct. at 2396.

---

[3] The section provides: "APPLICABILITY.—The amendments made by this section [broadening the existing safety valve] shall apply only to a conviction entered on or after the date of enactment of this Act."  § 402(b), Pub. L. No. 115-391, 132 Stat. 5194, 5221 (2018).

Since passage of the FSA, this Court has taken lengthy sentences, which are disparate post enactment of the FSA, into consideration when determining whether compassionate release is appropriate pursuant to section 3582(c)(1)(A). *See, e.g., United States v. Ortiz*, No. 17cr2283-MMA-1, 2023 U.S. Dist. LEXIS 31532, at *7–12 (S.D. Cal. Feb. 24, 2023); *United States v. De Hernandez*, No. 17cr2110-MMA, 2021 U.S. Dist. LEXIS 105524, at *6–9 (S.D. Cal. June 4, 2021); *United States v. Rosas*, No 17cr3431-MMA-4, 2020 U.S. Dist. LEXIS 231714, at *6–8 (S.D. Cal. Dec. 8, 2020). Ultimately, the Court finds that the FSA, as interpreted by *Lopez*, has resulted in a significant sentencing disparity here. Since passage of the FSA, the average custodial term imposed for similarly situated defendants has ranged from 32 to 55 months.[4] Here, Defendant has served over six years in custody, which is in some instances double the amount of time his counterparts will serve today.

Next Defendant discusses his significant rehabilitation and strong family support. As the Ninth Circuit highlighted in *Chen*, Congress has provided that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). However, because Defendant does not offer his rehabilitation in isolation, it forms part of the Court's analysis.

Defendant's prison record is remarkable in numerous respects. First, Defendant has indisputably been a model inmate, and his disciplinary record is virtually spotless.[5] *See* Def. Ex. J. Further, as Defendant explains, he has dedicated himself to self-improvement while incarcerated. He has taken numerous courses while incarcerated, participating in more than 1,500 hours of classes, resulting in the completion of his GED in English. *See* Def. Exs. G, L. In support of his rehabilitation, Defendant offers letters

---

[4] *See* United States Sentencing Commission, Interactive Data Analyzer, *available at* https://www.ussc.gov/research/interactive-data-analyzer (last visited Oct. 18, 2023).
[5] Defendant's only disciplinary infraction was for "failing to follow safety reg[ulations]" in 2019, for which he had his commissary privileges suspended for 14 days. Def. Ex. J.

from his mother, brother, and daughter, who all attest to his significant and positive changes. *See* Def. Exs. M–O.

Finally, Defendant discusses the conditions of his confinement due to both his immigration status and COVID-19. Because Defendant is not a United States citizen, and anticipates being deported upon his release, he contends he is being held at a high-security penitentiary despite his low security classification. Additionally, Defendant refers to two unrelated medical conditions, which he contends has made his time of incarceration all the more harsh. *See* Def. Ex. Q.

While Defendant's health issues are not particularly extraordinary or compelling, the Court cannot ignore the change in prison conditions that has resulted from COVID-19. *See United States v. Armstrong*, No. 18-cr-5108-BAS-1, 2020 U.S. Dist. LEXIS 135313, at *11 (S.D. Cal. July 30, 2020). As this Court has previously explained:

> The BOP has acknowledged that the operational modifications have placed a heavy burden on inmates and their families. While much of the world has reverted to pre-pandemic normalcy, life in BOP custody has not—if it ever will. "A day in prison under the current conditions is a qualitatively different type of punishment than one day in prison used to be." *See United States v. Kibble*, 992 F.3d 326, 335 (4th Cir. 2021) (Gregory, C.J., concurring). In an effort to keep COVID-19 at bay, inmates are often isolated or placed in solitary confinement, prison programs have been suspended or ended entirely, facilities have restricted visitation, and access to nonessential medical care is often limited. *See id.* (collecting cases).

*Ortiz*, 2023 U.S. Dist. LEXIS 31532, at *16.

Ultimately, the Court finds that the substantial change effected by the First Step Act's amendment of section 3553(f), together with Defendant's significant rehabilitation and the effect of COVID-19 and Defendant's immigration status on the conditions of his confinement, constitute extraordinary and compelling reasons in this case for a sentence reduction under section 3582(c)(1)(A).

//
//

### 2. *Danger to the Safety of Others*

Even if compelling reasons warrant a reduced sentence, the Sentencing Guidelines provide that compassionate release is appropriate only where the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Having reviewed the section 3142(g) factors and Defendant's motion and evidence, the Court agrees that Defendant is not a danger to the safety of others.

Defendant's current offense, while involving a serious drug-related crime, did not involve violence. Moreover, Defendant's criminal history is minimal, and the record is devoid of any indication that Defendant might pose a danger to the safety of any other person upon his release. *See* U.S.S.G. § 1B1.13(2). To that end, the Bureau of Prisons has classified Defendant as a low-risk, low-security, low-recidivist, and non-violent inmate. *See* Def. Exs. D, F, H, I.

### 3. *Section 3553(a) Sentencing Factors*

Finally, the Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a). While the Court acknowledges that Defendant's criminal conduct in this case was very serious, it did not involve violence. Additionally, Defendant has served over six years of the custodial term imposed in this case—a significant period of time by any definition. As discussed above, Defendant has taken responsibility for his actions and has been sufficiently rehabilitated. He maintains a close relationship with his family—both here and in Mexico—and a lesser sentence will eliminate the existing disparity in his sentence, not create one. Therefore, after consideration of all the factors set forth in section 3553(a), the Court finds that they weigh in favor of granting Defendant's requested reduction in sentence.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion for early compassionate release and a corresponding reduction in sentence as set forth in the Order and Amended Judgment filed concurrently herewith. The Court **REDUCES** Defendant's

custodial sentence to a total term of **time served**. All previously imposed terms and conditions of supervised release remain in full force and effect.

**IT IS SO ORDERED**.

Dated: October 19, 2023

HON. MICHAEL M. ANELLO
United States District Judge